# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1611008050 |
| | ) | |
| MAURICE BACKUS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 11, 2020
Decided: April 23, 2020

*Upon Defendant's Motion for Postconviction and Amended Motion for Postconviction Relief,*
**DENIED.**

*Upon Postconviction Relief Counsel's Motion to Withdraw,*
**GRANTED.**

## ORDER

Zachary Rosen, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Patrick J. Collins, Esquire, Collins & Associates, 716 North Tatnall Street, Suite 300, Wilmington, DE 19801, Attorney for Defendant Maurice Backus.

**WHARTON, J.**

This 2nd day of April, 2020, upon consideration of Defendant Maurice Backus' ("Backus") timely *pro se* Motion for Postconviction Relief ("MPCR")[1] and amended *pro se* Motion for Postconviction Relief ("AMPCR"),[2] appointed postconviction counsel's Motion to Withdraw as Counsel,[3] Backus' response to the Motion to Withdraw,[4] Backus' Memorandum of Law in support of his AMPCR,[5] the State's Response to Defendant's Motion for Postconviction Relief,[6] Backus' Reply to the State's Response,[7] and the record in this matter, it appears to the Court that:

1.    On October 3, 2017, Backus was found guilty of Tier 4 Drug Dealing and Aggravated Possession of Cocaine after a bench trial upon stipulated facts.[8] Trial followed the denial of his suppression motion on August 14, 2017.[9] He was sentenced to 25 years at Level 5, suspended after 5 years for probation on the Drug Dealing charge, into which the Aggravated Possession charge merged.[10] On January 23, 2019, the Delaware Supreme Court affirmed Backus' conviction and sentence.[11]

---

[1] D.I. 43.
[2] D.I. 49.
[3] D.I. 56.
[4] D.I. 58.
[5] D.I. 63.
[6] D.I. 67.
[7] D.I. 68.
[8] D.I. 28.
[9] D.I. 19.
[10] D.I. 32.
[11] *Backus v. State,* 2019 WL 327963 (Del. 2019).

2. Backus filed his timely first MPCR pursuant to Superior Court Criminal Rule 61 *pro se* on April 4, 2019.[12] Backus also moved for appointment of counsel.[13] The Court granted Backus' request for counsel on April 10, 2019.[14] On May 14, 2019, Backus filed his AMPCR.[15] On August 23, 2019, appointed postconviction relief counsel Patrick J. Collins, Esquire, moved to withdraw as counsel after he reviewed the record and the applicable law, and concluded that Backus' postconviction claims were wholly without merit and that no other substantial grounds for relief were available to him.[16] Backus filed his Response to Counsel's Motion to Withdraw on September 16, 2019.[17] Prior to the State submitting a response to the motion to withdraw, Backus file a Memorandum of Law in Support of his AMPCR on December 5, 2019.[18] The State submitted its response on January 30, 2020.[19] Backus submitted a *pro se* reply on February 11, 2020.[20]

3. In his MPCR, Backus presses two claims of ineffective assistance of counsel ("IAC") against his trial counsel and two against his appellate counsel.[21] First, he alleges trial counsel was ineffective in failing to adequately prepare for the

---

[12] D.I. 43.
[13] D.I. 44.
[14] D.I. 47.
[15] D.I. 49.
[16] D.I. 56.
[17] D.I. 58.
[18] D.I. 63.
[19] D.I. 67.
[20] D.I. 68.
[21] D.I. 43.

suppression hearing by failing to meet with him. Had she met with him, Backus maintains she would have been aware of "the inconsistent testimony concerning officers [sic] safety that impacted the suppression hearing judge [sic] decision."[22] Second, he alleges trial counsel failed "to object in the middle of the suppression hearing to the misleading accusation of cocaine sticking out of his hooded pocket."[23] Third, he alleges that appellate counsel failed to communicate with him and inadequately prepared his direct appeal with respect to issues involving the plain view doctrine"[24] Finally, he alleges that appellate counsel was ineffective in failing to move for reargument.[25] In his AMPCR, Backus adds a claim that his trial counsel was ineffective at various points of the case – the preliminary hearing, the grand jury indictment and the suppression hearing – by failing to challenge the purported probable cause for the stop, a Title 21 cell phone violation, and filing a frivolous suppression motion.[26]

4. PCR counsel addresses all of Backus' claims in his motion to withdraw.[27] PCR counsel characterizes Backus' claims as attempts to re-litigate matters already litigated in the Superior Court and Delaware Supreme Court under

---

[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] D.I. 49.
[27] D.I. 56.

4

the guise of ineffective assistance of counsel.[28] PCR counsel feels that the MPCR and AMPCR fail due to Backus' inability to establish prejudice under *Strickland*.[29] In response, Backus re-iterates at greater length the allegations in his MPCR and AMPCR and disputes PCR counsel's evaluation of those claims.[30] For its part, the State argues that Backus has failed to meet either the performance prong or the prejudice prong of *Strickland* in all of his allegations.[31] In reply, Backus challenges at length PCR counsel's assessment of the merits of his MPCR and AMPCR, and for the same reasons argued in his motions, argues that he has demonstrated both prejudice and performance deficiencies by counsel.[32]

5. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[33] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[34] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year

---

[28] *Id.*
[29] *Id.*
[30] D.I. 58.
[31] D.I. 67.
[32] D.I. 68.
[33] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[34] *Id.*

after it was first recognized.[35] A second or subsequent motion is repetitive and therefore barred.[36] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[37] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[38] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[39] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[40]

6.      Together, the MPCR and AMPCR constitute a timely first motion for postconviction relief, alleging IAC. Accordingly, the Court will consider the motion on its merits. To succeed on an IAC claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[41] To prove counsel's deficiency, a defendant must show that counsel's representation fell below

---

[35] Super. Ct. Crim. R. 61(i)(1).
[36] Super. Ct. Crim. R. 61(i)(2).
[37] Super. Ct. Crim. R. 61(d)(2)(i).
[38] Super. Ct. Crim. R. 61(d)(2)(ii).
[39] Super. Ct. Crim. R. 61(i)(3).
[40] Super. Ct. Crim. R. 61(i)(4).
[41] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

6

an objective standard of reasonableness.[42] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[43] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[44] A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[45] An inmate must satisfy the proof requirements of both prongs to succeed on an IAC of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[46] Here, Backus cannot demonstrate that the performance of either trial counsel or appellate counsel was deficient on any of the issues that he raises, or that he was prejudiced.

7.    The Court turns first to the claims Backus raises in his MPCR about his trial counsel. The first of those claims is that trial counsel ineffectively litigated the suppression motion due to her failure to prepare for, and address at the hearing, "inconsistent testimony." Backus claims that the officer's testimony at the preliminary hearing and suppression hearing differed with respect to who provided the officer with Backus' registration and proof of insurance and where those items

---

[42] *Id.* at 667-68.
[43] *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
[44] *Strickland,* 446 U.S. at 689.
[45] *Id.* at 694.
[46] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

7

were located. He further claims that had trial counsel effectively exploited that inconsistency, the result of the suppression hearing would have been different. The second claim of ineffectiveness alleged against trial counsel is that she failed to effectively challenge the officer's testimony that he observed the cocaine in Backus' possession in plain view. The Court has carefully reviewed the transcripts of Backus' preliminary hearing and the suppression hearing. Backus clearly overstates the significance of any "inconsistent testimony" concerning where and from whom the registration and proof of insurance were produced. As the State points out, the issues in the motion to suppress were the validity of the stop and whether the stop was improperly extended. Moreover, the Court heard testimony from Backus' passenger about the production of the registration and proof of insurance, presenting the Court with differing versions. Nevertheless, the Court did not find that discrepancy particularly significant in rendering her decision. What she did find relevant was that Backus "bladed" (or turned) his body, a point Backus implicitly concedes.[47] He simply presents a different explanation for why he turned. The "inconsistent testimony" was irrelevant to the Court's suppression determination, and further exploration of that inconsistency would not have changed the outcome of the hearing.

---

[47] "Mr. Backus immediately reached toward the center console to retrieve his registration and insurance card." Reply to State's Response at 1, D.I. 68.

8.     Whether the cocaine was in plain view, as the officer testified, or not, was a fact question. Trial counsel did cross-examine the arresting officer about his ability to observe the clear bag containing the cocaine inside the black bag hanging out of his sweatshirt pocket.[48] The defense offered no contrary evidence on this point in the form of testimony from Backus or his passenger. If the clear plastic bag holding the cocaine was protruding outside the black bag in which it was contained, and both were visible to the officer, as he testified, the cocaine was in plain view. The trial court expressly found that the officer "observed, in plain view, hanging out of the jacket the defendant was wearing what appeared to be a bag of cocaine."[49] The testimony of the officer was not objectionable, despite Backus' contention, and in the absence of contrary evidence, trial counsel had no basis to contest a plain view seizure.

9.     The Court now turns to the two additional issues brought in the AMPCR. First, Backus alleges that his trial counsel was ineffective in failing to challenge the probable cause for the stop of his vehicle – an allegation that he was using his cell phone while driving - at his preliminary hearing, in the indictment returned by the Grand Jury, and in the suppression motion she filed. With respect to the preliminary hearing and the indictment, Backus' complaints are frivolous. A preliminary hearing in the Court of Common Pleas is not the proper venue to raise suppression issues.

---

[48] Tr. Aug. 14, 2017 at 27, 28.
[49] *Id.* at 58.

9

Furthermore, even if trial counsel had successfully litigated the probable cause issue at the preliminary hearing, that victory would have been short-lived, since the Grand Jury returned an indictment against Backus, including a count alleging the cell phone violation.[50] Similarly, whether Backus received a citation or warning for the traffic violation is immaterial. As to the charge in the indictment, there was no vehicle available to counsel for "challenging the Grand Jury indictment for so-called indicting Mr. Backus on Count III of his indictment" short of trial. Lastly, it is clear that a Title 21 violation is sufficient grounds for stopping a defendant, and the record supports the fact that Backus committed a Title 21 violation.[51] Trial counsel was not ineffective at the suppression hearing for failing to challenge the probable cause for stopping Backus because there was no factual basis for such a challenge.

10. The second issue Backus raises in his AMPCR is that trial counsel was ineffective in focusing on the validity of the stop and its extension, rather than challenging the application of the plain view doctrine.[52] He terms issues raised in the motion to suppress trial counsel filed as "frivolous."[53] The Court perceives an inconsistency in Backus claiming that a challenge to the basis of the stop was "frivolous" on the one hand and arguing that trial counsel's failure to challenge the basis of the stop at the suppression hearing amounted to ineffective assistance of

---

[50] Indictment, Count III, Driving a Motor Vehicle While Using an Electronic Communication Device, in violation of 21 *Del. C.* § 4176C, D.I. 20.
[51] Tr. Aug. 14, 2017, at 5.
[52] D.I. **
[53] *Id.*

10

counsel on the other. In any event the Court has reviewed the suppression motion[54] and determines that the issues it raised certainly were not frivolous and were issues that a reasonably effective defense attorney legitimately could raise. The Court also rejects Backus' plain view argument for the same reasons is set out above. In sum, it is clear to the Court that the reason the cocaine in Backus' possession was not suppressed was not due to any failing on trial counsel's part, but rather, to the fact that the cocaine was constitutionally seized.

11. Backus also challenges the effectiveness of his representation on appeal. First he claims appellate counsel was ineffective for failing to meet with him and for failing to challenge the applicability of the plain view doctrine as Backus requested him to do.[55] Second, he alleges appellate counsel was ineffective in failing to move for reargument. Both of these claims are without merit. In the appellate context, "[t]he [d]efendant must first show that his counsel was objectively unreasonable in failing to find arguable issues on appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them."[56] Appellate counsel "need not (and should not) raise every nonfrivilous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."[57] Nonetheless, it is "still possible to bring a *Strickland* claim based on counsel's failure

---

[54] D.I. 9.
[55] D.I. 43.
[56] *Neal v. State,* 80 A.3d 935, 946 (Del. 2013) (quoting *Smith v. Robbins,* 528 U.S. 259, 285 (2000)).
[57] *Id.* (citing *Smith,* 528 U.S. at 288).

11

to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent."[58] A defendant faces a tougher burden of "showing that a particular nonfrivilous issue was clearly stronger than issues that counsel did present" where appellate counsel filed a merits brief, than in the case where appellate counsel filed a no merit brief.[59] Further, Backus must still show prejudice, "That is, [the defendant] must show a reasonable probability that, but for his counsel's unreasonable failure [to raise a clearly stronger issue], he would have prevailed on his appeal."[60] Backus cannot demonstrate either that counsel's performance was deficient in that the issue that was not presented was "clearly stronger" than the argument actually presented on appeal, or prejudice.

12. Here, appellate counsel filed a merits brief challenging this Court's denial of his motion to suppress.[61] Backus would have had appellate counsel contest the trial court's determination that the cocaine was in plain view. As the Delaware Supreme noted in affirming the trial court, "[W]hen a trial judge's finding is based on ... a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."[62] Just such a circumstance obtained here. Challenging the trial court's

---

[58] *Id.*

[59] *Id.*

[60] *Id.* at 947 (quoting *Smith,* 528 U.S. 285).

[61] *Backus v. State* at *1.

[62] *Id.* at *2 (quoting *Cede & Co. v. Technicolor, Inc.,* 758 A.2d 485, 492 (Del. 2000) (citing *Anderson v. City of Bessimer City, N.C.,* 470 U.S. 564, 575 (1985)).

application of the plain view doctrine would have been a fool's errand. Similarly, moving for reargument of the unanimous panel's decision would have been pointless. As with the suppression hearing, Backus' conviction was affirmed, not because of Backus' appellate counsel's failings, but because there were no meritorious issues on which to base an appeal.

14.    Accordingly, the Court finds that there was no performance deficiency on the part of either Backus' trial counsel or his appellate counsel. Further, the Court finds that Backus suffered no prejudice as a result of counsel' performance.

**THEREFORE,** the Backus' Motion for Postconviction Relief and Amended Motion for Postconviction Relief are **DENIED.**

Postconviction relief counsel's Motion to Withdraw as Counsel is **GRANTED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

13